## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSHUA PAUL SORENSON, )
)
Plaintiff, )
)
v. ) Case No. 25-1007-DDC-BGS
)
CAR STORE USA, *et al.*, )
)
Defendants. )
_____ )

## MEMORANDUM & ORDER ON *IN FORMA PAUPERIS* APPLICATION
## AND ORDER TO SHOW CAUSE

In conjunction with his Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees ("*In forma Pauperis* ('IFP') application") with a supporting financial affidavit (Docs. 3, 3-1, both sealed). For the reasons set forth herein, Plaintiff's IFP application (Doc. 4) is **DENIED without prejudice to refiling**. Plaintiff is **ORDERED** to **file an amended Complaint or show cause** as to why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed for failure to state a viable federal cause of action and/or because Plaintiff failed to timely file an administrative charge of discrimination.

### I.      Motion to Proceed IFP.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to

grant or deny IFP status under § 1915 lies within the district court's sound discretion.  *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

The financial information provided by Plaintiff in his Motion and Affidavit of Financial Status is insufficient to establish whether he has the ability to pay the filing fee.  As an initial matter, Plaintiff indicates he is currently employed (and has been for "5+ years"), but does not indicate his income.  (Doc. 3-1, sealed, at 2.)  Instead, Plaintiff indicates his income in "N/A," which the Court surmises is "not applicable."  (*Id.*)  Unfortunately, Plaintiff's current income is absolutely applicable to a determination of whether he meets the financial criteria to proceed without paying the requisite filing fee.

Plaintiff also fails to indicate the amount of cash he has on hand, instead answering "transparent."  (*Id.*, at 4.)  The Court does not understand what Plaintiff means by this.  Additionally, he does not list his monthly financial obligations and expenses.  (*Id.*, at 5.)  The amount of cash Plaintiff has on hand and his monthly expenses are both necessary to the Court's *IFP* analysis.

Without the information discussed herein, the Court cannot determine whether Plaintiff would have the ability to pay the filing fee and whether his access to the Court would be inhibited absent a waiver of that fee.  As such, the Court **DENIES**, **without prejudice to refiling**, Plaintiff's motion to proceed *in forma pauperis* (Doc. 3).  Based on this and the remainder of this Order, the Clerk is <u>not</u> directed to issue summons for service upon the Defendant at this time.

**II.      Sufficiency of Complaint and Order to Show Cause.**

**A.      Legal Standard.**

When a Plaintiff proceeds IFP, the Court may screen the Complaint under 28 U.S.C. § 1915(e)(2).  Pursuant to that section, a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v.*

*Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding

that a plaintiff need not precisely state each element, but must plead minimal factual allegations on

those material elements that must be proved)).  "In other words, plaintiff must allege sufficient facts

to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F.

Supp.2d at 1260 (citing *Twombly*, 127 S.Ct. at 1974).  Factual allegations in the complaint must be

enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing

*Twombly*, 127 S.Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the

burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d

at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim,

even for a *pro se* plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016).  "This is so

because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged

injury … ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the

defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an

appropriate answer. *Monroe v. Owens*, 38 Fed. Appx. 510, 515 (10th Cir. 2002) (citation omitted).

Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1)

the pleading should contain a short and plain statement of the claim showing the pleader is entitled

to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends;

and (3) the relief requested.  Fed. R. Civ. P. 8(a).  After reviewing a plaintiff's Complaint and

construing the allegations liberally, if the Court finds that he has failed to state a claim upon which

relief may be granted, the Court is compelled to recommend that the action be dismissed.

## B.     Lack of Sufficient Facts.

4

In his Complaint, Plaintiff combines the District's Civil Complaint form as well as the Employment Discrimination Complaint form.[1]  (*See generally* Doc. 1.)  In the Civil Complaint form, Plaintiff references alleged "possible insurance fraud reguarding [sic] to [Defendant] Carstore [sic]USA, breach of contract.  Entering principal and income on schedules."  (*Id.*, at 3.)  Plaintiff does not provide any factual basis for these allegations.  He does not indicate when the alleged insurance fraud occurred, the manner in which it occurred, or who allegedly committed the alleged fraud.  As to the alleged breach of contract, Plaintiff fails to indicate the parties to the contract, the type of contract involved, who allegedly breached the contract, the actions or omissions constituting the alleged breach, and/or when the alleged actions or omissions occurred.

The only additional information contained in the Complaint is an oblique reference to "[e]ntering principal and income on schedules."  (*Id.*, at 3.)  The Court is unable to determine what this means or how it relates to a claim for insurance fraud or breach of contract.

The Court has also reviewed the voluminous "Exhibits In Support of Complaint" (Doc. 5) filed by Plaintiff, which include, in part, photographs and various forms partially filled out by

---

[1] As noted herein, Plaintiff's *pro se* Complaint is comprised of two form Complaints, which have been combined into one document/docket entry (Doc. 1).  The first half of the Complaint, the Civil Complaint form (Doc. 1, at 1-6), attempts to assert state law causes of action for fraud and breach of contract while the second half of the Complaint, the Employment Discrimination Complaint form (*id.*, at 7-11), contains the federal causes of action for alleged employment discrimination.  The state law claims for fraud and breach of contract are properly before the federal court only as a result of supplemental jurisdiction when combined with Plaintiff's federal employment law causes of action.  If Plaintiff were to proceed with filing an amended Complaint that does not assert federal causes of action, there would be no federal court jurisdiction for Plaintiff's state law fraud and breach of contract claims.  Under 28 U.S.C. § 1367(c)(3), the court may decline to exercise supplemental jurisdiction over state law claims if it has 'dismissed all claims over which it has original jurisdiction[.]'"  *Country Carpet, Inc. v. Kansas Building Trades Open End Health and Welfare Trust Fund*, --- F.Supp.3d ---, 2024 WL 4286254, at *14 (D. Kan. Sept. 25, 2024).  Because Plaintiff and Defendants are all identified as citizens of the State of Kansas (*id.*, at 2), there is no basis for federal court diversity jurisdiction.  Pursuant to 28 U.S.C. § 1332(a), federal courts "shall have original jurisdiction of all civil actions where the matter in controversy … is between … citizens of different States… ."  Plaintiff – as the party asserting diversity of citizenship exists – carries the burden of proof on that issue.  *Pratt v. Fist Hays Bancshares, Inc.*, 682 F. Supp. 1177, 1179 (D. Kan. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)).  Therefore, if Plaintiff proceeds with an Amended Complaint that does not assert federal causes of action, the undersigned Magistrate Judge may recommend to the District Court that this case be dismissed for lack of jurisdiction.

Plaintiff.  Included therein is a "Breach of Contract Notice" that is marked "Confidential – for Settlement Purposes Only."  (*Id.*, at 15, *et seq.*)  In that document, Plaintiff possibly attempts to reference certain acts or omissions that occurred from 2016-2018 ("backlogs and no compliant updates of credits … .").  (*Id.*, at 17.)  Plaintiff does not, however, adequately explain how this would support insurance fraud and/or a claim for breach of contract.  Simply stated, Plaintiff has failed to give Defendant sufficient notice of the claims asserted to enable Defendant to provide an appropriate answer.  *Monroe*, 38 Fed. Appx. at 515.

C.     **Statute of Limitations Issues.**

1.     **Fraud.**

Even assuming the Court could determine the facts Plaintiff is attempting to establish with this document, the only dates listed are seven to nine years ago.  This is clearly beyond the statute of limitations for a claim of insurance fraud.  Pursuant to Kansas statute, a party must bring an action for fraud within two years of the injury or, if the fact of the injury is not reasonably ascertainable until sometime after the initial act, within two years of when the injury becomes reasonably ascertainable to the injured party.  K.S.A § 60-513(a)–(b).  A fraud claim is not deemed to have accrued until the plaintiff discovers the fraud.  *Id.*  "The statute of limitations does not start to run until plaintiff discovers the fraud or learns facts that would lead a reasonable person to investigate."  *Marsical v. Valadez*, --- F.Supp.3d ---, 2024 WL 4692054, at *6 (D. Kan. Nov. 6, 2024) (citing *Bonin v. Vannaman*, 261 Kan. 199, 206–207, 929 P.2d 754, 762 (1996)).  Plaintiff has alleged no facts that would support a finding that the statute of limitations on this claim should be tolled.  This raises serious concerns that Plaintiff's potential fraud claim should be dismissed on the basis of the statute of limitations.

2.     **Breach of contract.**

There are also statute of limitations issues as to any breach of contract claim Plaintiff arguably attempts to bring. Under Kansas statute, a party must bring "an action upon any agreement, contract or promise in writing" within five years. K.S.A § 60-511(1). A plaintiff's right to bring a breach of contract claim "arises on the date of the alleged breach, even if the plaintiff has not yet discovered the breach or incurred damages." *Catholic Charities of Southwest Kansas, Inc. v. PHL Var. Ins. Co.*, 74 F.4th 1321 (10th Cir. 2023) (citing *In re Talbott's Est.*, 184 Kan. 501, 337 P.2d 986, 991 (1959) and *Law v. Law Co. Bldg. Assocs.*, 295 Kan. 551, 289 P.3d 1066, 1080 (2012)). Again, the time reference the Court is able to ascertain is for possible actions or omissions occurring from 2016-2018 – some seven to nine years ago and clearly beyond the statute of limitations. (Doc. 5, at 17.)

### D.    Standing.

The Court next has concerns as to whether Plaintiff has standing to bring claims for fraud and/or breach of contract against Defendant. Jurisdiction in federal courts is limited by Article III of the United States Constitution to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. "There is no case or controversy unless the plaintiff has standing." *Bertels v. Farm Bureau Prop. & Cas. Ins. Co.*, 123 4th 1068, 1073-74 (10th Cir. 2024) (citing *Food & Drug Admin. v. Alliance for Hippocratic Med.*, 602 U.S. 367, 380, 144 S.Ct. 1540, 219 L.Ed.2d 121 (2024)). "To establish standing, a plaintiff must demonstrate (i) that [he] has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Id.* Plaintiff has failed to indicate how he was directly injured by Defendant's actions or omissions. Thus, Plaintiff has not established a "case" or "controversy" and he lacks standing to bring a claim for fraud or breach of contract.

### E.    Employment Discrimination Claim.

As stated above, Plaintiff includes the form Employment Discrimination Complaint in his *pro se* Complaint. (*Id.*, at 7-11.) Therein, Plaintiff checks boxes to indicate the case is based on

alleged Title VII race discrimination and an alleged violations of the Americans with Disabilities Act. (*Id.*, at 7.)  He also checks the "no" box to indicate Defendant did not deny a request for reasonable accommodation.  (*Id.*, at 10.)  The Court will address both disability and race discrimination before discussing concerns regarding the exhaustion of Plaintiff's administrative remedies.

> 1.    **Disability discrimination.**

"To establish a *prima facie* case of discrimination under the ADA, Plaintiff must demonstrate (1) that he is 'disabled' within the meaning of the ADA, (2) that he is qualified – with or without reasonable accommodation; and (3) that he was discriminated against because of his disability." *Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 748 (10th Cir.1999) (citations omitted).  As an initial matter, the Court notes that Plaintiff has not even indicated the disability from which he alleges suffers and/or is perceived to suffer.  Thus, he has not demonstrated that he is disabled (or perceived to be disabled), which is fatal to a claim of disability discrimination.

Further, Plaintiff provides no narrative of what happened, who allegedly discriminated against him on the basis of an actual or perceived disability, or when this was alleged to have occurred.  As discussed below in subsection 3, "failure to exhaust administrative remedies," the lack of temporal reference (dates of when the alleged acts or omissions occurred) raises statute of limitations issues with the Court.  The Court, therefore, has serious concerns as to the viability of Plaintiff's disability discrimination claim.

> 2.    **Race discrimination.**

As to allegations of race discrimination, Plaintiff states he is "white," but was "working with three brothers who are of Asian ethnicity … ."  (*Id.*, at 9-10.)  In a case alleging reverse discrimination, a plaintiff "must, in lieu of showing that he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual

employers who discriminates against the majority." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006) (internal quotation marks omitted).

Plaintiff indicates that he was subjected to termination, "involuntary bate [sic] and switch," a failure to promote, "benefits of proceed to developments [sic]," and retaliation. (Doc. 1, at 10.) Again, however, Plaintiff provides no specific narrative of what happened or when it is alleged to have occurred. Beyond the general reference to termination, failure to promote, and retaliation, Plaintiff has not alleged any specific facts describing the manner in which he was allegedly discriminated against.

There are also issues as to when any alleged discrimination occurred. Even though Plaintiff checks the form box to indicate he no longer works for Defendant and even though it appears he has not worked for Defendants for over five years[2], Plaintiff also checks the form box to indicate that the complained of actions "are still being committed by Defendant." (*Id.*, at 10.) Plaintiff does not, however, explain how these allegedly discriminatory actions are still being committed against him when he has not worked for Defendant for more than five years.

Additionally, Plaintiff fails to indicate when his employment was terminated and/or when he was retaliated against. Again, the only temporal reference the Court can discern from Plaintiff's filings is that he has not worked for Defendant for more than five years. This lack of information raises significant statute of limitations issues regarding the viability of Plaintiff's race discrimination claims in federal court.

### 3.     Failure to exhaust administrative remedies.

It is well-established in this District that prior to filing a federal court employment discrimination lawsuit, a plaintiff must exhaust his or her administrative remedies by presenting the

---

[2] Plaintiff's *IFP* motion indicates he has been employed by an entity named "Confident LLC" for "5+ years." (Doc. 3-1, sealed, at 2.)

claims to the U.S. Equal Employment Opportunity Commission or the Kansas Human Rights Commission and receiving a right-to-sue letter based on that charge. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181, 1185 (10th Cir. 2018). In Kansas, a plaintiff must file an administrative charge within 300 days of the alleged discriminatory action. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Johnson v. Cherokee County Board of County Commissioners*, No. 17-2644-JAR, 2020 WL 1320720, *8 (D. Kan. March 20, 2020) (citation omitted).

 As noted above, Plaintiff does not indicate when the alleged race and/or disability discrimination and retaliation occurred. The Court can only surmise that it was sometime "5+ years" ago when he was employed by Defendant. (Doc. 3-1, sealed, at 2.) Considering Plaintiff did not file his EEOC charge of discrimination until January 14, 2025 (*see* Doc. 1, at 2), the administrative filing occurred well past the statutory 300 day deadline. Thus, Plaintiff's claims appear to be time barred.[3] *See  Federspill v. Denver Pub. Schools*, 2019 WL 13444880 (D. Colo. Jan. 31, 2019) (holding that because the plaintiff filed his EEOC charge more than 300 days after that last adverse action, his discrimination and retaliation claims were not timely) (citing *Rivera-Diaz v. Humana Ins. of P.R., Inc.*, 748 F.3d 387, 389, 392 (1st Cir. 2014) (affirming dismissal of retaliation claim with prejudice because plaintiff had failed to timely file EEOC charge), *Brough v. O.C. Tanner, Co.*, No. 16--1143 TS, 2019 WL 181355, at *5 (D. Utah Jan. 11, 2019) (dismissing plaintiff's complaint with prejudice where plaintiff failed to timely file the EEOC charge), and *Jaber v. Metro. Transit Authority of Harris Cty*, No. 14-201, 2014 WL 4102120, at *4 (S.D. Tex. Aug. 14, 2014) (finding that "[a]lthough failure to exhaust administrative remedies warrants dismissal without

---

[3] Nothing in Plaintiff's Complaint (Doc. 1) or other filings with the Court would establish the applicability of waiver, estoppel, and/or equitable tolling of the deadline to file an administrative charge against Defendant. *Ayesh v. Butler Co. Sheriff's Office*, No. 19-1183-EFM-KGG, 2019 WL 6700337, at n.10 (D. Kan. Dec. 9, 2019) (quoting *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018) (citations omitted)).

prejudice in some cases ... re-pleading claims for ... discrimination would be futile," where plaintiff

failed to timely file an EEOC charge and it was "too late to remedy that defect")).

Under these circumstances, the undersigned finds that Plaintiff, most likely, did not timely

file his administrative charge of discrimination.  Further, Plaintiff indicates he did not receive a right-

to-sue letter from the EEOC.  (Doc. 1, at 8.)  There are, therefore, serious concerns as to the

viability of Plaintiff's discrimination claims.

## III.    Conclusion.

IT IS THEREFORE ORDERED that, based on all the issues enumerated herein, **within

thirty (30) days of the receipt of this Order**, Plaintiff must either **show cause in writing** to the

undersigned Magistrate Judge **or file an Amended Complaint** to address the deficiencies

enumerated herein.  Thereafter, the undersigned Magistrate Judge will review Plaintiff's

supplemental filing to determine whether to **recommend** to the District Court that Plaintiff's claims

be **DISMISSED** in their entirety for failure to exhaust his administrative remedies pursuant to

federal law.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3, sealed) is

**DENIED without prejudice** to refiling.

IT IS FURTHER ORDERED that a copy of this Memorandum & Order and Order to

Show Cause shall be sent to Plaintiff via certified mail.

IT IS FURTHER ORDERED that the Clerk not issue summons for service upon the

Defendants at this time.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 28th day of January, 2025.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge