## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSHUA PAUL SORENSON,

                **Plaintiff**,

v.

CAR STORE, USA, et al.,

                **Defendant**.

Case No. 25-1007-DDC-BGS

### MEMORANDUM AND ORDER

Before the court is United States Magistrate Judge Brooks G. Severson's Report and Recommendation (Doc. 10). Magistrate Judge Severson recommends that the court dismiss this case without prejudice for lack of subject matter jurisdiction, *id.* at 8, and for failure to state a claim upon which relief can be granted, *id.* at 9–10, 12.

Plaintiff Joshua Paul Sorenson[1] received notice of his right to file an objection to the Report and Recommendation within 14 days of its service under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Doc. 11. This notice also explained that plaintiff, to secure appellate review, must file any objections within 14 days of this notice. *Id.*

Plaintiff registered for electronic notifications and consented to receiving electronic service for all documents in this case. Doc. 4 at 1. Service of the Report and Recommendation (Doc. 10) was accomplished by "sending it to a registered user by filing it with the court's

---

[1] Because plaintiff appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.* Also, plaintiff's pro se status doesn't excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

electronic-filing system"—meaning service was "complete upon filing[.]"  Fed. R. Civ. P.

5(b)(2)(E).  Likewise, service of the Order advising plaintiff of his right to object to the

Recommendation and Report was achieved by electronic filing.  Filing of the Report and

Recommendation (Doc. 10) occurred on April 1, 2025, and filing of the court's Order advising

plaintiff of his right to object (Doc. 11) occurred on September 17, 2025.  Thus, the time for

plaintiff to file an objection expired on October 1, 2025.

Plaintiff has not filed any objection.  Nor has plaintiff sought to extend the time to file an

objection.  And so, the court now can accept, adopt, and affirm the Report and Recommendation.

And it does so.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of

timely objection, the district court may review a magistrate's report under any standard it deems

appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000)

(explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only

for those portions of the report and recommendation to which a party specifically has objected).

Having reviewed plaintiff's Complaint (Doc. 1) and Magistrate Judge Severson's Report

and Recommendation (Doc. 10), the court determines that Magistrate Judge Severson's analysis

and conclusions are sound.[2]  The court thus adopts Magistrate Judge Severson's recommendation

and dismisses plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction for the fraud

and breach-of-contract claims and for failing to state a cognizable claim for the employment

---

[2]    Magistrate Judge Severson's Report and Recommendation explains that in "a case alleging
reverse discrimination, a plaintiff 'must, in lieu of showing that he belongs to a protected group, establish
background circumstances that support an inference that the defendant is one of those unusual employers
who discriminates against the majority.'"  Doc. 10 at 9 (quoting *Argo v. Blue Cross & Blue Shield of
Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006)).  After Magistrate Judge Severson entered the Report
and Recommendation, the Supreme Court overruled the heightened standard for reverse-discrimination
cases.  *See Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 309–13 (2025).  But Magistrate Judge
Severson also explained that the statute of limitations for plaintiff's claims has expired and that plaintiff
failed to exhaust administrative remedies.  So, notwithstanding this change of law, the Report and
Recommendation offered ample grounds for dismissal.

discrimination claims. The court directs the Clerk of the Court to enter Judgment consistent with this Order and close this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** the Report and Recommendation issued by United States Magistrate Judge Brooks G. Severson on April 1, 2025 (Doc. 10) is **ACCEPTED**, **ADOPTED, and AFFIRMED**.

**IT IS SO ORDERED.**

**Dated this 9th day of October, 2025, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**